2012-MAR-23  13:36    FROM-ABC LEGAL SERVICES                    +2132539413              T-435  P.002/002  F-209

COPY

1   LAW OFFICES OF CHAIM J. WOOLF
    Chaim J. Woolf (State Bar No. 236957)
2   2029 Century Park East, Ste 1400
    Los Angeles, California 90067
3   Tel: (310) 867-2729
4   Fax: (310) 919-3037
    E-Mail: chaim@woolflawyer.com
5
6   Attorneys for Defendants,
7   YSN IMPORTS, INC., SAM NEWMAN
    ISRAEL SCHOCHET
8

FILED

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
2012 MAR 23   PM 2: 09
BY_____

9               UNITED STATES DISTRICT COURT
10
              CENTRAL DISTRICT OF CALIFORNIA
11

12

13   Guerrilla Air, Inc., Deborah Teramani, Dan        CASE NO. 2:11-cv-07413-SVW-RZ
     Colby, and Mary Colby.                            [ASSIGNED TO THE HON. JUDGE
14                                                     STEPHEN V. WILSON]
15                Plaintiffs,
16         v.                                          ANSWER AND COUNTERCLAIM TO
                                                       SECOND AMENDED COMPLAINT
17   YSN Imports, Inc., Sam Newman, Israel
18   Schochet, Alisa Schochet, and DOES 1-
     10., inclusive,
19

20                Defendants.
21

22

23

24      ANSWER TO ALLEGATIONS IN SECOND AMENDED COMPLAINT

25        The Defendants YSN IMPORTS, INC., ("YSN") Israel Schochet ("Schochet") and

26   Sam Newman ("Newman") (collectively "Defendants") answer the Second Amended Complaint

27   ("SAC")" by Plaintiffs as follows.  All allegations not expressly admitted herein are denied.

28                        GENERAL ALLEGATIONS

                                        1
                 DEFFENDANTS VERIFIED ANSWER AND COUNTERCLAIM
                     TO THE SECOND AMENDED COMPLAINT

JURISDICTION

1.    Defendants admit that Israel Schochet and Sam Newman are residents of California and that YSN IMORTS, INC. is corporation organized under the laws of Nevada.  In all other respects, Defendants deny the remaining allegations contained this paragraph.

2.    Defendants deny the allegations contained in this paragraph.

VENUE

3.    Defendants admit that there are significant contacts in this district and that venue is proper.  In all other respects, Defendants deny the allegations contained in this paragraph..

4.    Defendants admit that venue is proper.  In all other respects, Defendants deny the allegations contained in this paragraph.

5.    To the extent that paragraph 5 contains allegations and is not simply argument, Defendants deny said allegations.

6.    There are no facts contained in paragraph 6 which must be admitted or denied. To the extent that paragraph 6 does contain factual allegations, Defendants deny said allegations.

THE PARTIES

7.    Defendants admit that Guerrilla Air, Inc. conducts business in Illinois. Defendants are without sufficient facts to either admit or deny the remaining allegations contained within paragraph 7.

8.    Defendants admit that Deborah Teramani lives in Illinois. However, Defendants are without sufficient facts to either admit or deny the remaining allegations contained in paragraph 8.

9.    Defendants admit that Dan Colby lives in Illinois.  However, Defendants are without sufficient facts to either admit or deny the remaining allegations contained in paragraph 9.

10.   Defendants admit that Mary Colby lives in Illinois.  However, Defendants are without sufficient facts to either admit or deny the remaining allegations contained in paragraph 10.

**DEFFENDANTS VERIFIED ANSWER AND COUNTERCLAIM**
**TO THE SECOND AMENDED COMPLAINT**

11.   Defendants admit that YSN Imports, Inc. is a corporation organized under the laws of Nevada that has its principal place of business located at 14111 South Kingsley Drive, Gardena, California 90249.  Defendants deny the remaining allegations contained in paragraph 11.

12.   Defendants admit that Mr. Sam Newman is a resident of California and is a founder and an owner of YSN Imports, Inc.  Defendants deny the remaining allegations contained in paragraph 12.

13.   Defendants admit that Mr. Israel Schochet is a resident of California, and is a founder and an owner of YSN Imports, Inc.  Defendants deny the remaining allegations contained in paragraph 13.

14.   Defendants admit that Alisa Shcochet is the wife of Mr. Schochet, a resident of California and a part owner of BVHE Sales, LLC.  Defendants deny the remaining allegations contained in paragraph 14.

15.   Paragraph 15 does not contain allegations to which an answer is required. To the extent that paragraph 15 does contain factual allegations, Defendants deny them.

16.   Defendants deny the allegations contained in paragraph 16.

STATEMENT OF FACTS

17.   Defendants admit that an asset purchase agreement was signed on November 2, 2007 between YSN Imports, Inc. and Guerrilla Air, Inc.  In all other respects, Defendants deny the allegations contained in paragraph 17.

18.   Defendants deny the allegations contained in paragraph 18.

19.   Defendants deny the allegations contained in paragraph 19.

20.   Defendants admit that GA sold substantially all of its assets to YSN.  Defendants deny that the Asset List attached to the Complaint as Exhibit 2 was part of the asset purchase agreement.  In all other regards, Defendants deny the remaining allegations contained in this Paragraph. .

21.   Defendants deny the allegations contained in paragraph 21.

**DEFFENDANTS VERIFIED ANSWER AND COUNTERCLAIM TO THE SECOND AMENDED COMPLAINT**

22.   Defendants admit that some personal property belonging to the Plaintiffs were housed at the Illinois warehouse at the time of acquisition of GA's assets, and that Plaintiffs continued to maintain this property at the warehouse despite instructions from YSN to remove this property from the warehouse.  In all other respects, Defendants deny the allegations contained in paragraph 22.

23.   Defendants admit that Plaintiffs accurately copied the terms of Section 1.5.3 from the Asset Purchase Agreement.  In all other respects, Defendants deny the allegations contained in paragraph 23.

24.   Defendants admit that Section 1.5.3 of the Asset Purchase Agreement sets out certain terms relating to "Profit Sharing Based Upon Consideration."  In all other regards, Defendants deny the allegations contained in paragraph 24.

25.   Defendants admit that the Asset Purchase Agreement includes Section 1.6 entitled "Right to Audit."  In all other respects, Defendants deny the allegations contained in paragraph 25.

26.   Defendants deny the allegations contained in paragraph 26.

27.   Defendants admit that YSN Imports, Inc. entered into three separate employment agreements with Ms. Teramani, Mr. Colby and Mrs. Colby.  Defendants further admit that the terms of Ms. Teramani's, Mrs. Colby's and Mr. Colby's agreement are specified in the agreement.  In all other respects, Defendants deny the allegations contained in paragraph 27.

28.   Defendants admit that YSN sent regular reports to the Plaintiffs detailing the monthly or quarterly profits of the paintball division of YSN and the calculation of the Paintball Overhead Expenses as agreed by the GA and YSN in the APA.  In all other respects, Defendants deny the remaining allegations contained in paragraph 28

29.   Defendants deny the allegations contained in paragraph 29..

30.   Defendants deny the allegations contained in paragraph 30.

31.   Defendants admit that there is a dispute between Plaintiffs and Defendants.  In all other regards, Defendants deny the allegations contained in paragraph 31.

**DEFFENDANTS VERIFIED ANSWER AND COUNTERCLAIM
TO THE SECOND AMENDED COMPLAINT**

32.   Defendants admit that some employees and sales people working for YSN were paid a commission.  Defendants deny the remaining allegations contained in paragraph 32.

33.   Defendants deny the allegations contained in paragraph 33

Defendants deny the allegations contained in paragraph 34.

34.   Defendants deny the allegations contained in paragraph 34.

35.   Defendants are without sufficient information to either admit or deny what Plaintiffs question.

36.   Defendants deny the allegations contained in paragraph 36.

37.   Defendants deny the allegations contained in paragraph 37.

38.   Defendants deny the allegations contained in paragraph 38.

39.   Defendants admit that Ms. Teramani, Mr. Colby and Mrs. Colby were not given raises.  In all other regards, Defendants deny the allegations contained in paragraph 39.

40.   Defendants deny the allegations contained in paragraph 40.

41.   Defendants admit that on April 12, 2011, Mr. Colby was escorted off the premises with the assistance of the local police.  In all other regards, Defendants deny the allegations contained in paragraph 41.

42.   Defendants deny the allegations contained in paragraph 42.

43.   Defendants deny the allegations contained in paragraph  43..

44.   Defendants admit that Mrs. Cobly's and Ms. Teramani's access to the Chicago warehouse was restricted.  In all other regards, Defendants deny the allegations contained in paragraph 44.

45.   Defendants admit that in or around June 2011, YSN returned certain property to Mr. Colby.  In all other regards, Defendants deny the allegations contained in paragraph 45..

46.   Defendants admit that on or about October 17, 2011, YSN terminated the employment of Ms. Teramani and Mrs. Colby in the presence of the security guard in the parking lot and informed them that their warehouse was being closed.  Defendants further admit that the remaining contents of the Illinois warehouse were removed. In all other regards, Defendants deny the allegations contained in paragraph 46.

1    47.   Defendants deny the allegations contained in paragraph 47.

2    48.   Defendants deny the allegations contained in paragraph 48.

3    49.   Defendants admit that that Sam Newman, and Israel Schochet's wife Alisa
4    Schochet are the owners of BVHE Sales, LLC and that BVHE Sales, LLC purchases some items
5    from YSN which are then sold through Ebay and Amazon.  In all other regards, Defendants deny
6    the allegations contained in paragraph 49.

7    50.   Defendants deny the allegations contained in paragraph 50.

8                              FIRST CAUSE OF ACTION:

9                                    ACCOUNTING

10            (By Plaintiff Guerrilla Air, Inc. Against All Defendants)

11    51.   Paragraph 51 contains no allegations to which an admission or denial is required.
12    To the extent that there are any factual allegations, Defendants deny them.

13    52.   Defendants admit that YSN entered into an Asset Purchase Agreement with GA.
14    In all other regards, Defendants deny the allegations contained in paragraph 52.

15    53.   Defendants admit that there is a dispute between Plaintiffs and Defendants.
16    Defendants admit that there were some errors in the calculations of the paintball profits as
17    proscribed by the Asset Purchase Agreement, The errors relate to both discretionary overhead
18    expenses and a misallocation of the Plaintiffs' salaries and benefits and the other salaries,
19    benefits and expenses of the Illinois office.  After adjustments, the corrected calculations show
20    that the Paintball Division of YSN lost well in excess of $100,000 since the APA was signed.
21    Thus, except for a few payments at the beginning of the venture in late 2007 and early 2008, no
22    profit share payments should ever have been made.  .

23    54.   At this time, Defendants are without sufficient facts to either admit or deny the
24    allegations contained in paragraph 54 and on that basis denies same.

25    55.   Defendants deny the allegations contained in paragraph 55.

26    56.   Defendants deny the allegations contained in paragraph 56.

27    57.   Defendants deny the allegations contained in paragraph 57.

28

**DEFFENDANTS VERIFIED ANSWER AND COUNTERCLAIM**
**TO THE SECOND AMENDED COMPLAINT**

58.   The allegations contained in paragraph 58 are grounded in argument and not fact. To the extent that there are factual allegations contained in paragraph 58, Defendants deny them.

59.   Defendants deny the allegations contained in paragraph 59.

## SECOND CAUSE OF ACTION:

## BREACH OF CONTRACT – ASSET PU RCHASE AGREEMENT

## (By Plaintiff Guerrilla Air, Inc. Against Defendant YSN)

60.   Paragraph 60 does not contain any allegations to which an admission or denial is required.  To the extent that Paragraph 60 does contain any factual allegations, Defendants deny them.

61.   Defendants admit that YSN and GA entered into an Asset Purchase Agreement. In all other respects, Defendants deny the allegations contained in paragraph 61.

62.   Defendants deny the allegations contained in paragraph 62.

63.   Defendants deny the allegations contained in paragraph 63.

64.   Defendants deny the allegations contained in paragraph 64.

## THIRD CAUSE OF ACTION: BREACH OF CONTRACT – PARTNERSHIP AGREEMENT

## (Against Defendant YSN)

65.   Paragraph 65 does not contain any allegations to which an admission or denial is required.  To the extent that there are any factual allegations, Defendants deny them.

66.   Defendants deny the allegations contained in paragraph 66.

67.   Defendants deny the allegations contained in paragraph 67.

68.   Defendants deny the allegations contained in paragraph 68

## FOURTH CAUSE OF ACTION: BREACH OF CONTRACT – EMPLOYMENT AGREEMENT

## (Against Defendant YSN)

69.   Paragraph 69 does not contain any allegations to which an admission or denial is required.   To the extent that there are any factual allegations, Defendants deny them.

70.   Defendants admit that YSN entered into three separate employment agreements with Ms. Teramani, Mrs. Colby and Mr. Colby.  In all other respects, Defendants deny the allegations contained in paragraph 70.

71.   Defendants deny the allegations contained in paragraph 71.

72.   Defendants deny the allegations contained in paragraph 72.

### FIFTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY

#### (By Plaintiff Guerrilla Air, Inc. Against Defendant YSN)

73.   Paragraph 73 does not contain any allegations to which an admission or denial is required.  To the extent that there are any allegations, Defendants deny them.

74.   Defendants deny the allegations contained in paragraph 74.

75.   Defendants deny the allegations contained in paragraph 75.

76.   Defendants deny the allegations contained in paragraph 76.

77.   Defendants deny the allegations contained in paragraph 77.

78.   Defendants deny the allegations contained in paragraph 78.

79.   Defendants deny the allegations contained in paragraph 79.

80.   Defendants deny the allegations contained in paragraph 80.

### SIXTH CAUSE OF ACTION: INTENTIONAL MISREPRESENTATION

#### (Against Defendants YSN, Newman and Schochet)

81.   Paragraph 81 does not contain any allegations to which an admission or denial is required.  To the extent that there are any, Defendants deny them.

82.   Defendants deny the allegations contained in paragraph 82.

83.   Defendants deny the allegations contained in paragraph 83.

84.   Defendants admit that they contacted GA in 2007 regarding the purchase of GA's assets.  In all other regards, Defendants deny the allegations contained in paragraph 84.

85.   Defendants deny the allegations contained in paragraph 85.

86.   Defendants deny the allegations contained in paragraph 86.

**DEFFENDANTS VERIFIED ANSWER AND COUNTERCLAIM
TO THE SECOND AMENDED COMPLAINT**

87.   Defendants admit that YSN and GA entered into a written Asset Purchase Agreement that set forth the terms of the Asset Purchase Agreement.  In all other respects, Defendants deny the allegations contained in paragraph 87.

88.   Defendants deny the allegations contained in paragraph 88.

89.   Defendants deny the allegations contained in paragraph 89.

90.   Defendants deny the allegations contained in paragraph 90.

91.   Defendants deny the allegations contained in paragraph 91.

92.   Defendants deny the allegations contained in paragraph 92.

93.   Defendants deny the allegations contained in paragraph 93.

94.   Defendants deny the allegations contained in paragraph 94.

95.   Defendants deny the allegations contained in paragraph 95.

96.   Defendants deny the allegations contained in paragraph 96.

97.   Defendants have no knowledge as to what Plaintiffs were aware of or not. Moreover, Defendants deny the allegations contained in paragraph 97.

98.   Defendants have no knowledge as to what Plaintiffs would or would not do. Moreover, Defendants deny the allegations contained in paragraph 98.

99.   Defendants deny the allegations contained in paragraph 99.

SEVENTH CAUSE OF ACTION: ACTUAL FRAUD AND DECIET – NEGLIGENT

MISREPRESENTATION

(Against Defendants YSN, Newman, and Schochet)

100. Paragraph 100 does not contain any allegations to which an admission or denial is required.  To the extent that there are any factual allegations, Defendants deny them.

101. Defendants deny the allegations contained in paragraph 101.

102. Defendants admit that YSN entered into a written Asset Purchase Agreement with GA and that said written Asset Purchase Agreement sets forth the terms of the agreement.   In all other respects, Defendants deny the allegations contained in paragraph 102.

103. Defendants deny the allegations contained in paragraph 103.

104. Defendants deny the allegations contained in paragraph 104.

9

1      105. Defendants deny the allegations contained in paragraph 105.

2      106. Defendants deny the allegations contained in paragraph 106.

3      107. Defendants deny the allegations contained in paragraph 107.

4      108. Defendants deny the allegations contained in paragraph 108.

5      109. Defendants deny the allegations contained in paragraph 109.

6      110. Defendants deny the allegations contained in paragraph 110.

7      111. Defendants deny the allegations contained in paragraph 111.

8      112. Defendants have no knowledge was to what Plaintiffs were aware of.   Moreover,

9 Defendants deny the allegations contained in paragraph 112.

10      113. Defendants have no knowledge as to what Plaintiff would or would not do.

11 Moreover, Defendants deny the allegations contained in paragraph 113.

12      114. Defendants deny the allegations contained in paragraph 114.

13      EIGHTH CAUSE OF ACTION: FRAUD BY CONCEALMENT

14      (Against Defendants YSN, Newman, and Schochet)

15      115. Paragraph 115 does not contain any facts or allegations to which an admission or

16 denial is required.  To the extent that there are any allegations, Defendants deny them.

17      116. Defendants deny the allegations contained in paragraph 116.

18      117. Defendants deny the allegations contained in paragraph 117.

19      118. Defendants deny the allegations contained in paragraph 118.

20      119. Defendants deny the allegations contained in paragraph 119.

21      120. Defendants deny the allegations contained in paragraph 120.

22      121. Defendants deny the allegations contained in paragraph 121.

23      122. Defendants deny the allegations contained in paragraph 122.

24      123. Defendants deny the allegations contained in paragraph 123.

25      124. Defendants have no knowledge was to what Plaintiffs were aware of.  Moreover,

26 Defendants deny the allegations contained in paragraph 124.

27      125. Defendants have no knowledge as to what Plaintiffs would or would not do.

28 Moreover, Defendants deny the allegations contained in paragraph 125.

1    126. Defendants deny the allegations contained in paragraph 126.

2    NINTH CAUSE OF ACTION: CONVERSION

3    (Against Defendants YSN, Newman, and Schochet)

4    127. Paragraph 127 does not contain any allegations to which an admission or denial is

5    required.  To the extent that there are any allegations, Defendants deny them.

6    128. Defendants have no knowledge as to what property Plaintiffs are referring to and

7    therefore have insufficient knowledge to admit or deny these allegations and therefore on that

8    basis Defendants deny the allegations contained in paragraph 128.

9    129. Defendants deny the allegations contained in paragraph 129.

10   130. Defendants deny the allegations contained in paragraph 130.

11   131. Defendants are without sufficient information to either admit or deny the

12   allegations contained in paragraph 131 and on that basis deny the same.

13   132. Defendants deny the allegations contained in paragraph 132.

14   133. Defendants deny the allegations contained in paragraph 133.

15   134. Defendants are without sufficient facts to either admit or deny these allegations

16   and on that basis deny the same.

17   135. Defendants deny the allegations contained in paragraph 135.

18   136. Defendants deny the allegations contained in paragraph 136.

19   TENTH CAUSE OF ACTION: REPLEVIN

20   (Against Defendants YSN, Newman and Schochet)

21   137. Paragraph 137 contains no allegations to which an admission or denial is required.

22   To the extent that there are any allegations, Defendants deny them.

23   138. Paragraph 138 purports to state argument and a demand for relief, but does not

24   contain any allegations to which an admission or denial is required.  To the extent that paragraph

25   138 does contain factual allegations, Defendants deny them.

26   ELEVENTH CAUSE OF ACTION: WRONGFUL DISCHARGE IN VIOLATION OF

27   PUBLIC POLICY

28   (Against Defendants YSN, Newman, and Schochet)

**DEFFENDANTS VERIFIED ANSWER AND COUNTERCLAIM**
**TO THE SECOND AMENDED COMPLAINT**

1     139. Paragraph 137 contains no allegations to which an admission or denial is required.

2    To the extent that there are any allegations, Defendants deny them.

3     140. Defendants acknowledge the existence of Article 1, Section 8 of the California

4    Constitution.  In all other regards, Defendants deny the allegations contained in paragraph 140.

5     141. Defendants deny the allegations contained in paragraph 141.

6     142. Defendants deny the allegations contained in paragraph 142.

7     143. Defendants deny the allegations contained in paragraph 143.

8    TWELFTH CAUSE OF ACTION: VIOLATION OF TE UNIFORM FRAUDULENT

9    TRANSFER ACT OF 1987

10    (Against all Defendants)

11     144. Paragraph 144 does not contain any allegations to which an admission or denial is

12    required.  To the extent that there are any allegations, Defendants deny them.

13     145. Defendants are without sufficient facts regarding the allegations contained in

14    paragraph 145 and on that basis deny same.

15     146. Defendants deny the allegations contained in paragraph 146.

16     147. Defendants deny the allegations contained in paragraph 147.

17     148. Defendants deny the allegations contained in paragraph 148.

18     149. Defendants deny the allegations contained in paragraph 149.

19     150. Defendants deny the allegations contained in paragraph 150.

20     151. Defendants deny the allegations contained in paragraph 151.

21     152. Defendants deny the allegations contained in paragraph 152.

22     153. Paragraph 153 appears to be an assertion of an alter ego claim.  Paragraph 153

23    does not appear to assert any factual allegations.  To the extent that paragraph 153 does contain

24    factual allegations, Defendants deny them.

25     154. The remaining portions of the Second Amended Complaint appear to be a prayer

26    for relief.  These statements do not contain any factual allegations to which an admission or

27    denial is required.  To the extent that there are any allegations contained in Plaintiffs' prayer for

28    relief, Defendants deny them.

**DEFFENDANTS VERIFIED ANSWER AND COUNTERCLAIM
TO THE SECOND AMENDED COMPLAINT**

## AFFIRMATIVE DEFENSES

In addition to the forgoing admissions, denials and allegations, Defendants hereby assert the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action - All Causes of Action)

For a first, separate and Affirmative Defense, Defendants allege that each of the purported causes of action fail to state facts sufficient to constitute any cause of action against Defendants. More specifically, insufficient facts are alleged to state a cause of action for fraud.

## SECOND AFFIRMATIVE DEFENSE

### (Prior Breach)

For a second, separate and Affirmative Defense, Defendants allege that any failure to perform any obligation attributable to Defendants, if any such failure occurred, resulted from Plaintiff's failure to perform material services required of Plaintiff, and that such failure to perform on the part of Plaintiff constituted a prior breach by Plaintiff that excused and discharged the performance of any obligations on the part of Defendants.

## THIRD AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

For a third, separate and Affirmative Defense, Defendants allege that a condition precedent to Defendants' performance was the reasonable and satisfactory performance on the part of Plaintiff. Defendants allege that any failure on their part to perform any obligation attributable to them, if any such failure occurred, resulted from Plaintiff's failure to provide such reasonable and satisfactory performance of its obligations, and such failure of condition precedent excused and discharged the performance of any obligation(s) on the part of Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure of Concurrent Condition)

For a fourth, separate and Affirmative Defense, Defendants allege that a constructive and implied concurrent condition of performance was the reasonable and satisfactory performance on

the part of Plaintiff. Defendants allege that any failure on their part to perform any obligation attributable the Plaintiff, if any such failure occurred, resulted from Plaintiff's failure to provide such reasonable and satisfactory performance of his obligations, and such failure of a concurrent condition excused and discharged the performance of any obligations on the part of Defendants.

### FIFTH AFFIRMATIVE DEFENSE

### (Material Failure of Consideration)

For a fifth, separate and Affirmative Defense, Defendants allege that any failure to perform any obligation attributable to Defendants, if any such failure occurred, resulted from Plaintiff's failure to perform material services required of Plaintiff and that such failure to perform on the part of Plaintiff constituted a material failure of consideration which excused and discharged the performance of any obligation on the part of Defendants.

### SIXTH AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

For a sixth, separate and Affirmative Defense, Defendants allege that Plaintiff is barred from obtaining any of the relief sought by his Second Amended Complaint or asserting any of the claims alleged therein, by operation of the Doctrine of Frustration of Purpose.

### SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

For a seventh, separate and Affirmative Defense, Defendants allege that the Second Amended Complaint and each and every cause of action contained therein are barred by the applicable Statute of Limitations including, but not limited to, California Code of Civil Procedure Sections 337, 338, 339, 340, 343 and 344, and California Corporations Code §25506.

### EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

For an eighth, separate and Affirmative Defense, Defendants allege that Plaintiff is barred from obtaining any of the relief sought by his Second Amended Complaint, or asserting any of the causes of action alleged therein, by operation of the Doctrine of Waiver. By way of

**DEFFENDANTS VERIFIED ANSWER AND COUNTERCLAIM
TO THE SECOND AMENDED COMPLAINT**

illustration, Plaintiff inexcusably and unreasonably gave no prior notice of rescission of the PVP Agreement, causing prejudice to Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

For a ninth, separate and Affirmative Defense, Defendants allege that Plaintiff is barred from obtaining any of the relief sought by his Second Amended Complaint or asserting any of the claims alleged therein, by operation of the Doctrine of Estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

For an eleventh, separate and Affirmative Defense, Defendants allege that Plaintiff is barred from obtaining any of the relief sought by his Second Amended Complaint or asserting any of the claims alleged therein, by operation of the Doctrine of Unclean Hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

For a twelfth, separate and Affirmative Defense, Defendants allege that Plaintiff has failed to take reasonable steps to avoid, mitigate, or minimize his damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

For a thirteenth, separate and Affirmative Defense, Defendants allege that the causes of action in Plaintiff's Second Amended Complaint are barred by the Statute of Frauds.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Offset)

For a fourteenth, separate and Affirmative Defense, Defendants allege that Plaintiff is barred from obtaining any of the relief sought by his Second Amended Complaint or asserting any of the claims alleged therein, on the grounds that Defendants' claims against Plaintiff offsets the claims and amounts alleged in the Second Amended Complaint to be due to Plaintiff by Defendants and accordingly, Plaintiff is barred from recovery.

**DEFFENDANTS VERIFIED ANSWER AND COUNTERCLAIM**
**TO THE SECOND AMENDED COMPLAINT**

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Wrongful Conduct of Others- All Causes of Action)

For a fifteenth, separate, and Affirmative Defense, these answering Defendants allege that any and all of the injuries allegedly suffered by Plaintiff, the fact of which is expressly denied by these answering Defendants, is the direct and proximate result of negligence, recklessness, or other wrongful conduct on the part of third parties, and not a direct and proximate result of any conduct on the part of this answering Defendants, whether as alleged or otherwise, the fact of which is expressly denied. These answering Defendants are therefore entitled to a reduction in any judgment or recovery had against these answering Defendants, if any in direct proportion to the percentage of comparative fault attributable to other third parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Material Failure of Consideration - All Causes of Action)

For a sixteenth, separate and Affirmative Defense, Defendants allege that any failure to perform any obligations attributable to Defendant, if any such failure occurred, resulted from Plaintiff's failure to perform material services required of Plaintiff, and that such failure to perform on the part of Plaintiff constituted a material failure of consideration which excused and discharged the performance of any obligations on the part of Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Modification)

For a twentieth, separate, and Affirmative Defense, Defendants allege that any conduct that might otherwise constitute a breach of contract, a beach of fiduciary duty, or a violation of statutes was implicitly or explicitly authorized by Plaintiff and therefore Defendants claims are barred.

Wherefore, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by way of its Second Amended Complaint
2. That judgment be entered for Defendants and that the complaint be dismissed with prejudice;

**DEFFENDANTS VERIFIED ANSWER AND COUNTERCLAIM
TO THE SECOND AMENDED COMPLAINT**

3.     For attorneys fees in accordance with the terms of the alleged agreements and allowed as a matter of law.

4.     For such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS

The Defendants YSN IMPORTS, INC., ("YSN") Israel Schochet ("Schochet") and Sam Newman ("Newman") (collectively "Counter-Plaintiffs") hereby file this Counterclaim against Guerrilla Air, Inc., Deborah Teramani, Dan Colby, and Mary Colby (collectively "Counter-Defendants"), and hereby allege on knowledge as to their own conduct and on information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1367, in that this action arises out of the same facts and circumstances at issue in Plaintiffs Second Amended Complaint.

2.     Personal jurisdiction over Counter-Defendants comports with the United States Constitution because Counter-Defendants have availed themselves of the laws of California by maintaining this lawsuit in the State of California, regularly conduct business in California, committed acts as alleged herein in California.

3.     Venue properly lies within the Central District of California pursuant to 28 U.S.C. §1391(a)(2) and (b)(2),

### Introduction

4.     YSN has historically been in the business on manufacturing and importing tanks and valves.  These tanks and valves are used in various industries including the propane industry. In 2005, YSN entered the paint ball industry and began designing, manufacturing and distributing canisters used to play paintball.

5.     In or about mid-2007, YSN became aware of the Myth regulator, which was a pressure regulator used for paintball.  YSN entered into discussions with Guerrilla Air, Inc., to

license the rights to manufacture and distribute the Myth regulator.  Following negotiations, the parties agreed that YSN would purchase all of the assets of Guerrilla Air pursuant to the Asset Purchase Agreement ("APA") and offer employment to Dan Colby, Mary Colby and Debbie Teramani pursuant to their respective employment agreements with YSN.

**Breach of Asset Purchase Agreement Indemnification Provision**

**(Against Guerrilla Air).**

6.      Soon after YSN acquired the assets of Guerrilla Air, including the Myth regulator and its trademark and patents, YSN received a notice from Stanley Gabriel that the design of the Myth regulator infringed upon a patent held by Stanley Gabriel.   YSN conducted an investigation, hired patent counsel and then entered into negotiations with Stanley Gabriel.  YSN consulted with the principles of Guerrilla Air (the Cross Defendants) to determine the best outcome regarding this matter. All parties decided to settle the action for a payment of $52,500.

7.      On or about April 2009, YSN was contacted by Federal Express regarding a payment owed by Guerrilla Air to Federal Express.  Federal Express notified YSN that since Guerilla Air was no longer a valid corporation and because YSN was the successor in interest to Guerrilla Air, Federal Express was seeking payment from YSN.  The Cross Defendants confirmed that the claim by Federal Express was legitimate but that Guerrilla Air has no funds to pay Federal Express.  YSN, in consultation with Cross Defendants settled the dispute with Federal Express on April 30, 2009 for a full release of claim in by paying $3,000.00.  Guerrilla Air has an obligation to indemnify YSN for this expense.

8.      The APA provides that Guerrilla Air had sole legal right to the Guerrilla Air technology (See Section 2.10) and that the technology did not infringe upon any third-party patents.  The Asset Purchase Agreement further provides that Guerrilla Air would indemnify YSN for any breach of this warranty (See Asset Purchase Agreement Section 9.2).  Moreover, Dan Colby of Guerrilla Air provided assurance that Guerrilla Air would reimburse YSN for the legal costs and expenses related to the settlement of the patent infringement.

18

**DEFFENDANTS VERIFIED ANSWER AND COUNTERCLAIM**
**TO THE SECOND AMENDED COMPLAINT**

9.      Notwithstanding its contractual obligation, Guerrilla Air has failed and refused to compensate YSN for the legal fees and settlement expenses incurred in resolving the claims set forth above.

10.      YSN has honored all of its obligations under the terms of the Asset Purchase Agreement.  YSN has been harmed by the breach of the warranty and indemnification provisions by the amount paid to settle these claims and the amount of the attorneys' fees incurred in investigating, negotiating and settling these claims by third parties.

### Accounting

### (Against Guerrilla Air and its designees, Dan, Mary and Debbie)

11.      The APA provides that in calculating the "Profits of the Paintball Division," (Section 1.5.3 of the APA attached as Exhibit A to the Plaintiff's complaint) the parties were instructed to deduct salaries payable to employees working specifically for the paintball division as well as lease expenses directly related to the paintball division.  However, when the profits and losses were previously calculated, these expenses were not deducted from the revenues of the paintball division, rather they were allocated as overhead and only approximately 19% of these expenses were deducted from the revenues of the paintball division.

12.      Specifically, the salaries of Mr. Colby, Mrs. Colby and Ms. Teramani, the salaries of their sons and the lease expenses relating to the Chicago warehouse and office (which was used solely for the paintball division) were not deducted from the paintball revenues.  When the accounting is done as proscribed by the APA, the calculations show that the Paintball division lost money and thus no profits should have been paid after the first few months of operation.  As a direct consequence of this error, the Plaintiffs were overpaid profits approximately $115,000, the exact amount to be proven at trial.

13.      In addition The APA required YSN to make quarterly profit payments to Guerrilla Air or its designee.  In 2008 and 2009, YSN paid monthly profit share payments rather than quarterly profit share payments.  In some months there were losses rather than profits, YSN did

not offset the losses against profits.  Thus, with the possible exception of one or two quarters, no profit shares payment should have been made to Guerrilla Air or its designee Plaintiffs by YSN. The exact amount to be determined at trial.

14.     Following a review of the accounting for the overhead expense YSN has concluded that certain overhead expenses were discretionary expenses of YSN which arguably should not have been attributed to the paintball division and therefore YSN will not attribute them.  These expenses include donations and contributions and other payments given by YSN to various charities, as well as certain entertainment, travel and other expenses.  However, even after removing the pro-rata proportion of overhead expenses attributed to the Paintball division, the correct calculations of the profits of the Paintball Division as proscribed by the APA show that the Paintball Division lost over $120,000 during the period since its execution.  Accordingly nearly all profit share payments made to Guerilla Air or its designees were overpayments.   The exact amount to shown at trial.

15.     In sum, YSN calculates that it overpaid Guerrilla Air approximately $111,000 and that the entire Paintball Division has a carry-forward loss of approximately $175,000.

**Breach of Contract Relating to Auto Leases.**

**(Against Dan Colby, Mary Colby and Debbie Teramani)**

16.     In August 2008, Dan, Mary and Debbie approached YSN to explain that they could not obtain credit to purchase vehicles they needed to commute to work.  Following discussion, YSN agreed to underwrite a car leases for each of them.  Each Cross Defendant agreed with YSN that the payments for the lease would be deducted from the salaries or other funds payable by YSN to such Cross Defendant, but that otherwise the Cross Defendants, Dan, Mary and Debbie would assume responsibility for the their own leased car and any additional lease payments.

17.     YSN fully performed under the terms of these agreements,

18.     When the Cross Defendants returned to the leasing company, $12,261.87,

**DEFFENDANTS VERIFIED ANSWER AND COUNTERCLAIM**
**TO THE SECOND AMENDED COMPLAINT**

$5,145.00 and $5,145.00 owed on the leases of Dan, Mary and Debbie respectively.  These amounts owed because of excess mileage, damage, or other items relating to the leases.  Because YSN assumed the obligations of these leases with respect to the leasing company, YSN was obligated to pay the amount owed on these leases.  YSN has notified the Cross Complainants of their obligation to reimburse YSN, but Dan, Mary and Debbie have refused and failed to reimburse YSN for these payments.

19.     YSN has been damaged in the amount of the lease payments incurred on behalf of each of the individual Cross Defendants.

### Conversion

### (Against Dan Colby, Mary Colby and Debbie Teramani).

20.     The Cross Complainants were given authority to purchase necessary items for the Illinois office of YSN.  To facilitate these purchases, YSN provided Dan Colby with a credit card of YSN.  Dan Colby used this credit card not only for YSN purchases, but also for his own purchases.  These purchases were not approved or authorized by YSN.  Dan charged over $2,200.00 to the credit card for goods and services unrelated to YSN.  YSN has demanded that Dan Colby reimburse for these unauthorized expenses, but Dan has failed to do so.  YSN has been damaged in the amount Dan Colby spent on his own goods and services.

21.     On information and belief Cross Defendants and each of them sold took inventory from the YSN Illinois warehouse, sold it for cash and kept the proceeds.  YSN has been damaged in the amount of the value of the stolen inventory to be proven at trial.

### Embezzlement and Deceit

### (Against Dan Colby, Mary Colby and Debbie Teramani).

22.     On information and belief Dan, Mary and Debbie each of them sold took inventory from the YSN Illinois warehouse, sold it for cash and kept the proceeds.

23.     Cross Defendants knew at the time that they stole and sold this inventory that it belonged to YSN.  Cross Defendants intentionally did not disclose that they were selling this

**DEFFENDANTS VERIFIED ANSWER AND COUNTERCLAIM
TO THE SECOND AMENDED COMPLAINT**

inventory and intended that YSN would simply overlook or dismiss the inventory as lost or missing.

24.     YSN has been harmed in the amount of lost sales as a result of the stolen inventory.

25.     The actions of Dan, Mary and Debbie were reprehensible, there were conducted repeatedly with the intention to benefit the Plaintiffs and cause harm to the YSN.  The actions were the result of intentional trickery and deceit and as a result, YSN is entitled to punitive damages.

### Breach of Contract and Accounting relating to Profit Share Payments and Advances

### (Against Dan, Mary and Debbie and Guerrilla Air)

26.     Immediately following the acquisition of Guerrilla Air's assets, Guerrilla Air designated Dan, Mary and Debbie as the designees for all profit sharing payment payable to Guerrilla Air under the APA.  As noted, these individuals stated repeatedly that they were under financial duress and repeatedly requested advances or loans or prepayment of their profit share amounts.  In the spirit of cooperation, YSN agreed to provide each of them with profit-share advances. YSN agreed that it would forebear from recouping the $37,000 advance set forth in the APA (See APA Section 1.5) until the profit share payments were for larger amounts.  To date, YSN has not recouped any of $37,000.00.  In addition, YSN prepaid profit-share payments of an additional $25,200.00.  These prepayments were made to Dan, Mary and Debbie as Guerrilla Air's designees.  Accordingly, each of Dan, Mary or Debbie is pro-rata responsible for the pre-payments.   YSN has not recouped or received any payments from any of the Cross Defendants relating to these prepayments and to date the entire amounts of $62,200.00 remains due and owing from the Cross Defendants to YSN.

**Breach of Contract for Personal Loan**

**(Against Teramani)**

27.      In addition to the profit share advances, YSN provided a personal loan to Debbie Teramani in the amount of $11,834.69.  YSN honored the terms of this loan agreement by providing the funds to Debbie Teramani.  Debbie agreed to repay the loan and the parties further agreed that the funds would be deducted from any profits payable to Guerrilla Air.  None of the funds lent by YSN to Debbie has ever been repaid to YSN, and therefore, the entire amount remains due and owing.  YSN has been damaged in the amount of unrecovered payment.

**Breach of Contract for Personal Loan**

**(Against Dan Colby and Mary Colby)**

28.      In addition to the profit share advances, YSN provided a personal loan to Dan and Mary Colby in the amount of $3,890.33.  YSN honored this agreement by providing the funds to Dan and Mary Colby.  .  The parties agreed that the funds would be deducted from any profits payable to Guerrilla Air.  .  None of the funds lent by YSN to Dand and Mary has ever been repaid to YSN, and therefore, the entire amount remains due and owing.  YSN has been damaged in the amount of unrecovered payment.

**Restitution**

**(Against Dan, Mary and Debbie)**

29.      Upon the termination of Plaintiffs as employees of YSN, YSN was left with hundreds of pounds of personal belongings of the Plaintiffs in the Illinois warehouse.  Plaintiffs made clear that they valued these possessions.  YSN requested that the Plaintiffs remove their possessions from the YSN warehouse, but Plaintiffs failed to do so.  To mitigate damages, YSN employed a moving and storage company to move these belongings to a secure storage facility and then later paid a moving company to move these belonging to a location designated by Plaintiffs.

30.      YSN incurred approximately $4,000.00 in moving and storage costs.  YSN has

demanded reimbursement from the Plaintiffs, but the Plaintiffs have refused or failed to reimburse YSN for these costs.

31.     YSN has been damaged in the amount of the moving and storage costs as a result of the actions of the Plaintiffs.

JURY DEMAND

32.     Counter-Plaintiffs hereby demand a trial by jury of any and all issues triable with right by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

PRAYER

WHEREFORE, CROSS COMPLAINANT PRAYS FOR JUDGMENT AGAINST DEFENDANTS AS FOLLOWS:

1.     For general contract damages in the amount of at least $240,000.

2.     For restitution in the amount of to be proven at trial for the amounts unlawfully taken by Plaintiffs.

3.     For restitution in the amount of $4,000 for the moving and storage expenses incurred on behalf of Plaintiffs.

4.     For special and punitive damages as a result of Plaintiffs theft and deceit.

5.     For pre-judgment interest;

6.     For an accounting between YSN and the Cross Defendants declaring the amount owed under the terms of the Asset Purchase Agreement.

7.     For reasonable attorneys' fees for the actions and damages that arise out of the Employment of Dan, Mary and Debbie respectively, because each of them had an employment Agreement with a provision requiring that in the event of a dispute the prevailing party shall be entitled to attorneys' fees   (set forth at Section 9.5 of the respective employment agreement.)

8.     For costs of this suit;

9.     For such other and further relief as the court may deem just and proper.

**DEFFENDANTS VERIFIED ANSWER AND COUNTERCLAIM**
**TO THE SECOND AMENDED COMPLAINT**

1   Dated: March 23, 2012                LAW OFFICES OF CHAIM J. WOOLF

2

3

4                                        Ronan Cohen

5                                        Attorneys for Defendants YSN
IMPORTS, INC, SAM NEWMAN AND

6                                        YISROEL SCHOCHET

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFFENDANTS VERIFIED ANSWER AND COUNTERCLAIM
TO THE SECOND AMENDED COMPLAINT